```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA
```

| | |
|---|---|
| RICHARD LYNN ADAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-347-RAW-KEW |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Richard Lynn Adair (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on January 30, 1951 and was 63 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as a maintenance worker, tire bundler, tire builder, and paint prepper. Claimant alleges an inability to work beginning August 3, 2011 due to limitations resulting from neck, back, ankle, feet, and right

shoulder problems.

## Procedural History

On October 7, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was held on March 17, 2014 by video before Administrative Law Judge ("ALJ") Douglas S. Stults with the ALJ presiding in Oklahoma City, Oklahoma and Claimant appearing in Ardmore, Oklahoma. On May 29, 2014, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review on June 25, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform his past relevant work as a paint prepper.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) arriving at

step four findings which are legally flawed and not supported by substantial evidence; and (2) reaching an RFC related to Claimant's reaching which was not supported.

**Discussion of Issues**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease of the cervical, thoracic, and lumbar spines, status post April 1987 laminectomy with discectomy and foraminotomy at L4-5; residuals of and August, 2011 right foot bunionectomy; ostteoarthritis of the ankles, status post November, 2008 left ankle fracture and surgery; right shoulder arthrosis; hyperlipidemia; hypertension; intermittent level I obesity; and adjustment disorder with depressed mood. (Tr. 21). The ALJ also found Claimant suffered from the non-medically determinable and/or non-severe medical impairments of PTSD and status post June, 2003 right hand injury. (Tr. 20).

The ALJ concluded that Claimant retained the RFC to perform light work, except Claimant could only occasionally climb, balance stoop, kneel, crouch, and crawl. The ALJ restricted Claimant to frequent but not constant reaching with his right dominant upper extremity. Claimant could understand, remember, and carry out simple and detailed, but not complex or involved instructions and could have only incidental, superficial work-related contact with

the general public, co-workers, and supervisors which the ALJ defined as "brief, succinct, cursory, concise communication relevant to the task being performed." (Tr. 24).

After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform his past relevant work as a paint prepper. (Tr. 28). As a result, the ALJ found Claimant was not disabled from August 3, 2011 through the date of the decision. Id.

Claimant contends the ALJ erred in his findings at step four. In analyzing Claimant's ability to engage in his past work, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). In his second point of error, Claimant contends the ALJ erred in his RFC assessment - specifically, in his evaluation of Claimant's ability to reach. As stated, the ALJ found Claimant could engage in frequent but not constant reaching with his right upper extremity.

On August 31, 2012, x-rays of Claimant's right shoulder revealed his acromioclavicular joint was markedly widened. The alignment was well maintained suggesting at least a grade 2, subluxation. Severe productive degenerative changes were also present with marked inferior osteophytosis. The glenohumeral joint

demonstrated slight laxity. (Tr. 555). Additionally, on December 17, 2012, Dr. Satheesh K. Ramineni found Claimant had intermittent pain in the right shoulder with elevation. He noted impingement and tenderness in the AC joint. (Tr. 618). He also assessed Claimant with right shoulder decreased abduction, crepitant over the deltoid on range of motion and loss of lumbar lordosis, and decreased lumbar flexion. (Tr. 624).

The ALJ acknowledged that Claimant had experienced chronic back, neck, and shoulder pain as well as pain and numbness in his right arm and shoulder. (Tr. 25). The ALJ concluded generally, however, that

> Repeated physical examination contained in the medical treatment notes and medical reports of the claimant's treating and evaluating physicians have persistently shown the claimant to demonstrate intact ranges of motions (sic), joint flexibility, muscle strength, muscle tone motor functions, sensory functions, reflexes, pulsation, and neurological functions. . . . Thus, the claimant's spinal (sic) and extremities have not exhibited signs of gross boney deterioration, instability, crepitation, edema, acute effusion, erythema, acute heat, and etc. The claimant has not required the long-term use of a wheelchair, walker, crutches, canes, or other assistive devices.

(Tr. 26).

Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is

7

required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). The ALJ effectively ignored the evidence supporting further limitations upon Claimant's ability to engage in frequent reaching with his right extremity while citing the evidence favorable to such a finding. As a result, the ALJ's RFC as written is not supported by substantial evidence and must be revisited on remand.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. Id. In making this determination, the ALJ may rely upon the testimony of the vocational expert. Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003). The expert testified that Claimant's past work as a paint prepper was described by the *Dictionary of Occupational Titles* as light, semi-skilled "with a three." (Tr. 45). The ALJ repeated this finding in his decision. (Tr. 28). No factual development was made into the physical and mental demands of this past work. In particular, the ALJ's findings did not inquire into the particular skills required in Claimant's past relevant work as a paint prepper in

8

regard to the requirements to reach. On remand, the ALJ shall specifically explore the demands of the work last performed by Claimant as a paint prepper.

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. <u>Winfrey</u>, 92 F.3d at 1023. The ALJ failed in this phase because the RFC he reached was faulty. On remand, the ALJ shall re-evaluate his findings under <u>Winfrey</u> after reassessing his RFC evaluation.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 30th day of October, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE